UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LINDA RICCI and JOSEPH RICCI,

                          Plaintiffs,

              -against-                                    **OPINION AND ORDER**

                                                          16 Civ. 6920 (JCM)
WAL-MART STORES EAST, LP,

                          Defendant.
-------------------------------------------------------------X

      Plaintiffs Linda Ricci ("Mrs. Ricci") and Joseph Ricci ("Mr. Ricci") (collectively, "Plaintiffs") commenced this action against Defendant Wal-Mart Stores East L.P. to recover for personal injuries allegedly suffered by Mrs. Ricci when she slipped and fell in Defendant's store in White Plains, New York (the "Wal-Mart Store") on December 15, 2014. (Docket No. 1).[1] Plaintiffs filed their Complaint on May 23, 2016 in the Supreme Court of the State of New York, County of Westchester. (Docket No. 1). Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Docket No. 1). Before this Court is Defendant's Motion for Summary Judgment, dated February 28, 2018, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion"). (Docket No. 13). Plaintiffs opposed the Motion on March 30, 2018, (Docket No. 17), and Defendant replied on April 4, 2018, (Docket No. 23).[2] For the reasons set forth below, the Court grants Defendant's Motion.

---

[1] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 10).

[2] The parties' briefs are hereinafter cited as "Def. Br.," "Pl. Br." and "Def. Reply Br." (Docket Nos. 16, 17, 23). All page number citations refer to the page number assigned upon electronic filing unless otherwise noted.

## I. BACKGROUND

The following facts are taken from Defendant's Statement of Material Facts submitted pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, ("Def. 56.1"), (Docket No. 15), Plaintiffs' Response to Defendant's 56.1 Statement ("Pl. 56.1 Resp."), (Docket No. 21), Defendant's Reply to Plaintiffs' Response ("Def. 56.1 Reply"), (Docket No. 22), and the exhibits submitted by the parties in support of their contentions.[3] The facts are recounted "in the light most favorable to" Plaintiffs, the non-movants. *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). Any disputes of material fact are noted.

On December 15, 2014, Plaintiffs visited the Wal-Mart Store located at 275 Main Street in White Plains, New York. (Def. 56.1 ¶¶ 1, 5-6; Pl. 56.1 Resp. ¶¶ 1, 5-6; Ricci, L. Dep. at 12:3-13). Plaintiffs allege Mrs. Ricci suffered personal injuries from a fall in the ladies' apparel department of the store when she stepped on a hanger. (Def. 56.1 ¶¶ 1-2; Pl. 56.1 Resp. ¶¶ 1-2).

Plaintiffs arrived at the Wal-Mart Store together and shopped for approximately twenty to twenty-five minutes. (Def. 56.1 ¶ 6; Pl. 56.1 Resp. ¶ 6; Ricci, L. Dep. at 35:10-14). Mrs. Ricci began shopping alone without her husband as she looked for leggings. (Def. 56.1 ¶¶ 7-8; Pl. 56.1 Resp. ¶¶ 7-8; Ricci, L. Dep. at 33:2-5, 35:20-36:13). As Mrs. Ricci searched for leggings, she walked through the Plus Size area of the ladies' apparel department. (Def. 56.1 ¶ 9; Pl. 56.1 Resp. ¶ 9; Ricci, L. Dep. at 35:15-19). Between approximately 12:00 p.m. and 12:30 p.m., while walking through the Plus Size area of the ladies' apparel department, Mrs. Ricci's right foot

---

[3] Defendant's Exhibit D is the deposition transcript of Linda Ricci (hereinafter, "Ricci, L. Dep."), Defendant's Exhibit E is the deposition transcript of Joseph Ricci (hereinafter, "Ricci, J. Dep."), Defendant's Exhibit F is the deposition transcript of Nicole Hoffman (hereinafter, "Hoffman Dep."), Defendant's Exhibit G is the deposition transcript of Blanca Caillahua (hereinafter, "Caillahua Dep."), Defendant's Exhibit H is the deposition transcript of Felicia Needam (hereinafter, "Needam Dep."), Plaintiffs' Exhibit 1 is the affidavit of Linda Ricci (hereinafter, "Ricci, L. Aff.") and Plaintiffs' Exhibit 3 is the deposition transcript of William Defossett (hereinafter, "Defossett Dep.") (Docket Nos. 14, 19).

made contact with a hanger on the floor and she fell forward onto her knees. (Def. 56.1 ¶ 10; Pl. 56.1 Resp. ¶ 10; Ricci, L. Dep. at 38:16-23; 40:15-17; Ricci, L. Aff. ¶ 4). Mrs. Ricci did not see the hanger before she slipped on it, but as she was falling, she observed that there were three opaque hangers with clips together on the floor. (Def. 56.1 ¶¶ 11-12; Pl. 56.1 Resp. ¶¶ 11-12; Ricci, L. Dep. at 36:21-39:23). Mrs. Ricci described the hangers as "plastic," "white" and an "opaque color," and noted that they had "pinchers" used to hang pants. (Ricci, L. Dep. at 37:9-38:4; *see also* Ricci, L. Aff. ¶¶ 4-5). Photographs Plaintiffs allege were taken immediately after Mrs. Ricci's fall show two hangers on the floor. (Ricci, L. Aff. Ex. A). Mrs. Ricci testified that, to her knowledge, there were no witnesses to her fall. (Ricci, L. Dep. at 40:18-19). Neither Mrs. Ricci nor her husband observed the hangers on the floor prior to Mrs. Ricci's fall. (Def. 56.1 ¶¶ 11, 13-14; Pl. 56.1 Resp. ¶¶ 11, 13-14).

According to Mrs. Ricci's testimony, after falling, she remained on the floor for approximately ten minutes because she was unable to get up on her own. (Ricci, L. Dep. at 40:20-22; 41:18-23). During that ten-minute period, Mrs. Ricci called for assistance and her husband called back, "Where are you?" (*Id.* at 41:3-14). Mrs. Ricci responded, "I'm down here on the floor." (*Id.* at 41:15-17). Mr. Ricci went to get a Wal-Mart employee for assistance. (*Id.* at 44:2-10). Approximately four minutes after Mrs. Ricci fell, her husband returned with a Wal-Mart employee and the Wal-Mart employee asked Mrs. Ricci if she needed an ambulance. (*Id.* at 44:6-15). Mrs. Ricci declined. (*Id.*). Mrs. Ricci testified at her deposition that the Wal-Mart employee stated, "I see you fell on the hangers on the floor." (*Id.*). The employee also told Mrs. Ricci that if she had to fall she "fell in a good place" because there was a security camera on the ceiling. (*Id.* at 44:25-45:6). In an affidavit submitted in opposition to the Motion, Mrs. Ricci attests that the Wal-Mart employee also stated, "[T]here always seems to be hangers on the floor.

If you had to fall, it could not have been in a better place for you, because there is a security camera right above you, so it is on film." (Ricci, L. Aff. ¶ 7). The parties dispute the substance of Mrs. Ricci's conversation with the Wal-Mart employee who first responded to the scene of the accident and dispute whether or not the employee told Mrs. Ricci "there always seems to be hangers on the floor" and that the accident was caught "on film." (Def. 56.1 Reply ¶ 44). Defendant avers that Mrs. Ricci's accident was not captured on camera because the Plus Size area of the ladies' apparel department was not under surveillance on the day of the accident. (*Id.*)

While Mrs. Ricci was still on the floor, a second Wal-Mart employee came over to Mrs. Ricci and brought a stool. (Ricci, L. Dep. at 46:3-13). At this point, Mr. Ricci helped his wife up and assisted her with sitting on the stool. (*Id.* at 46:15-25). In her affidavit, Mrs. Ricci attests that she observed the second Wal-Mart employee kicking three to four white plastic hangers, similar to the one Mrs. Ricci slipped on, out of the aisle and underneath a clothing rack. (Ricci, L. Aff. ¶ 6). The parties dispute whether or not this occurred. (Pl. 56.1 Resp. ¶ 43; Def. 56.1 Reply ¶ 43). Mrs. Ricci also spoke with a third Wal-Mart employee who was later identified as William Defossett, the store's assistant manager at the time of the accident. (Ricci, L. Dep. at 48:3-16; Defossett Dep. at 35:16-39:7). He confirmed that Mrs. Ricci did not need an ambulance and completed a written customer incident report. (Ricci, L. Dep. at 48:19-49:23; Pl. Ex. 2). The incident report stated: "Customer walking threw [*sic*] aisle & slipped on hanger in women's dept (plus size)." (Pl. Ex. 2). Under claim description, the incident report states: "Customer fell from hanger on the floor." (*Id.*). The incident report further states that the floor was wood, there were no defects, the surface was clean and dry, and there were no obstructions. (*Id.*). After Mrs. Ricci's fall, Plaintiffs completed their purchases at the Wal-Mart Store and left together. (Ricci, L. Dep. at 56:15-57:23).

Every Wal-Mart employee is responsible for the safety of customers and trained to immediately remove garbage and debris from the store's floor, including hangers. (Def. 56.1 ¶ 23; Pl. 56.1 Resp. ¶ 23). Hangers were to be removed from the floor to avoid customer slip and falls. (Def. 56.1 ¶ 27; Pl. 56.1 Resp. ¶ 27). Felicia Needam, a Wal-Mart employee who previously worked as a sales associate in the ladies' apparel section of the Wal-Mart Store, indicated that all personnel are supposed to do a store wide safety sweep every hour as announced over the store P.A. system. (Def. 56.1 ¶ 38; Pl. 56.1 Resp. ¶ 38; Needam Dep. at 17:12-18:24). A safety sweep is when employees go around the store and pick up everything from the floor, including hangers, garbage, spills and other debris. (Def. 56.1 ¶¶ 29, 39; Pl. 56.1 Resp. ¶¶ 29, 39). Blanca Caillahua, a Wal-Mart employee who was previously a member of the Wal-Mart Store's maintenance staff, was "constantly engaged in 'safety sweeps.'" (Def. 56.1 ¶ 28; Pl. 56.1 Resp. ¶ 28). There is no indication in the record showing Ms. Hoffman or Ms. Caillahua were working in the ladies' apparel department of the Wal-Mart Store on the day of the accident.

The parties do not dispute that hangers were on the floor in the ladies' apparel section of the Wal-Mart Store "on a daily basis." (Def. 56.1 ¶ 35; Pl. 56.1 Resp. ¶ 35; Needam Dep. at 22:3-9). Ms. Caillahua, the maintenance member, testified that during her safety sweeps of the ladies' apparel department, there were "[n]ot a lot" of hangers, but "sometimes [she] saw a few and then [she] had to pick them up." (Def. 56.1 ¶ 31; Pl. 56.1 Resp. ¶ 31; Caillahua Dep. at 25:5-9). Ms. Caillahua agreed that the reason for the continuous safety sweeps was because there were regularly hangers on the floor. (Pl. 56.1 Resp. ¶ 31; Caillahua Dep. at 25:25-26:15).

The Wal-Mart Store's operations assistant manager, Nicole Hoffman, testified that during her training in 2014 she was advised that "hangers were a safety hazard for a lot of stores." (Def.

56.1 ¶ 18; Pl. 56.1 Resp. ¶ 18; Hoffman Dep. at 88:22-24).[4]  In accordance with Wal-Mart's

instructions regarding slip-and-fall hazards, Ms. Hoffman testified that she warned Wal-Mart

employees, "Don't leave them [hangers] on the floor.  If you see them, pick them up." (Def. 56.1

¶¶ 21-22; Pl. 56.1 Resp. ¶¶ 21-22).  However, she stated that "in all the accidents that I've ever

handled in a Walmart . . . slipping on a hanger was not one of them." (Def. 56.1 ¶ 19; Pl. 56.1

Resp. ¶ 19; Hoffman Dep. at 87:23-25).  There were no reported accidents involving hangers in

the Wal-Mart Store for one year prior to December 15, 2014, the accident date. (Def. 56.1 ¶ 40;

Pl. 56.1 Resp. ¶ 40).[5]

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the

burden of demonstrating that it is entitled to summary judgment. *See Huminski v. Corsones*, 396

F.3d 53, 69 (2d Cir. 2005).  The Court must grant summary judgment "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).  A genuine dispute as to a material fact "exists for summary judgment purposes where

the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v.

Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 247–48 (1986).  A fact is material if it might affect the outcome of the suit under the

---

[4] Ms. Hoffman did not work at the Wal-Mart Store in 2014.  In 2014, Ms. Hoffman worked as an asset protection manager in Union, New Jersey and East Meadow, New York.  She began working at the Wal-Mart Store on October 31, 2016.  (Def. 56.1 ¶¶ 16-17; Pl. 56.1 Resp. ¶¶ 16-17).

[5] Plaintiffs do not dispute that there were no reported hanger accidents at the Wal-Mart Store in the year prior to the accident date, but they challenge the completeness of Defendant's search because Defendant did not search for all types of slip and falls, only hanger-related falls, and did not expand the time period to two years prior to the accident date. (Pl. 56.1 Resp. ¶ 40).

governing law. *Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583(LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012).

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the [non-moving] party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51 (2000). That said, the Court may not weigh the evidence or determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250.

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). If the moving party meets this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Id.* "The non-moving party is required to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (citing *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 249–50), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**B. Burden of Proof on Summary Judgment**

New York law governs the substantive slip-and-fall claim.[6]  However, federal law applies to procedural aspects of the claim. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  Because the moving party's burden of proof on a summary judgment motion is procedural, it is therefore governed by federal law. *Tingling v. Great Atl. & Pac. Tea Co.*, No. 02 CIV. 4196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) ("We find that the issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law.") (citing *Celotex*, 477 U.S. 317); *see also Hughes v. United States*, No. 12 CIV. 5109 CM, 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014) (applying the federal burden of proof standard on a motion for summary judgment, explaining that "[e]ven though the substantive claims are governed under New York law, the procedural issues are determined under the federal standard."); *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 396 (E.D.N.Y. 2010) ("[T]he respective burdens that the parties bear in a summary judgment motion are procedural rather than substantive, and are thus subject to federal rather than state law.").[7]

The federal burden of proof on a motion for summary judgment differs from the corresponding standard under New York law in a slip-and-fall action. *See, e.g.*, *Tenay v.*

---

[6] Because jurisdiction over this matter is based upon the parties' diversity of citizenship and the alleged acts occurred in New York, the parties agree New York law governs the substantive claims. (Def. Br. at 7 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); Pl. Br. at 7).

[7] Plaintiffs correctly identify the federal standard on a motion for summary judgment. (Pl. Br. at 6).  However, Plaintiffs proceed to make their arguments under the New York standard without explaining why the New York standard should apply. (*Compare* Pl. Br. at 6 ("The movant's burden may be satisfied by pointing to the absence of evidence to support the non-movant's claims"), *with id.* at 16 ("New York courts have routinely held that a defendant cannot meet its burden for Summary Judgment if it cannot demonstrate when an accident site was last inspected or cleaned prior to the plaintiff's fall.")).

*Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12-13 (2d Cir. 2008); *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at *4-5 (S.D.N.Y. Jan. 15, 2016). "Under New York law, '[a] defendant who moves for summary judgment in a [sl]ip-and-fall case has the initial burden of making a *prima facie* showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it.'" *Vasquez*, 2016 WL 315879, at *4 (quoting *Levine v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (2d Dep't 2012)).  Conversely, under federal law, the moving party "need not make any affirmative *prima facie* showing on [a] motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Id.* at *5 (quoting *Zeak v. United States*, No. 11 CIV. 4253 KPF, 2014 WL 5324319, at *8 (S.D.N.Y. Oct. 20, 2014); *see also Feis v. United States*, 394 F. App'x 797, 798-99 (2d Cir. 2010) (applying New York substantive law and federal procedural law, finding that "contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's [slip-and-fall] claim.").[8]  Therefore, because the burden of proof on a motion for summary judgment is procedural and federal law applies, Defendant may meet its burden by "'showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case,'" but need not "raise a *prima facie* case." *Hughes*, 2014 WL 929837, at *4 (quoting *Celotex*, 477 U.S. at 325).

---

[8] *See also Tenay*, 281 F. App'x at 12-13 (affirming district court's grant of summary judgment and noting that, although under New York law the moving party bears the initial burden of proof, under federal law "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions," and that therefore, where the non-movant bears the burden of proof at trial, "the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (quotation marks and citations omitted); *Cruz v. Target Corp.*, No. 13 CIV. 4662 NRB, 2014 WL 7177908, at *3 (S.D.N.Y. Dec. 17, 2014) ("In federal court, it is the plaintiff who, as the nonmoving party, bears the burden of showing a genuine dispute of material fact, even though a New York state court would require the *defendant* to produce affirmative evidence on the key issue of whether the defendant had adequate notice of the spill.").

If Defendant meets that burden, the burden then shifts to Plaintiffs to present evidence on each element of the claim and demonstrate that a genuine issue of material fact exists for trial. *Celotex*, 477 U.S. at 322-24; *Holcomb*, 521 F.3d at 137.

## III. DISCUSSION

Under New York law, a plaintiff asserting a negligence claim must demonstrate "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal quotation marks omitted). In the context of premises liability and slip-and-fall cases, "the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004); *see also Decker v. Middletown Walmart Supercenter Store #1959 et al.*, No. 15 Civ. 2886 (JCM), 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017) ("[T]he plaintiff must demonstrate that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it."). Under New York law, Plaintiffs bear the burden of proof on the elements of their premises liability claim at trial. *Tenay*, 281 F. App'x at 13.

Here, Defendant contends that there are no genuine disputes over whether it (1) created; (2) had actual notice of; or (3) had constructive notice of the hanger that allegedly caused Mrs. Ricci's slip and fall. (Def. Br. at 9-17; Def. Reply Br. at 2-3, 6-9). In response, Plaintiffs maintain that issues of fact exist as to whether Defendant had actual or constructive notice of the condition. (Pl. Br. at 8-16).

**A. Creation of a Dangerous Condition**

Defendant argues there is no evidence that it created the dangerous condition at issue. (Def. Br. at 8). "To establish that a defendant created a dangerous condition or defect, a plaintiff must point to 'some affirmative act' on the part of the defendant." *Vasquez*, 2016 WL 315879, at *7; *see also Gonzalez*, 299 F. Supp. 2d at 192 ("Finding that the defendant created the dangerous condition requires 'some affirmative act' on the part of the defendant."). Although circumstantial evidence "may be sufficient to defeat a motion for summary judgment" if it creates an inference that Defendant created the condition through affirmative acts, "'[a] plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard.'" *Vasquez*, 2016 WL 315879, at *7 (quoting *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335 (JMA), 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009)).

There is no evidence showing how the hangers ended up on the floor. Plaintiffs have not presented evidence that Defendant created the condition. Nor have Plaintiffs pointed to any circumstantial evidence that would create an inference that Defendant created the condition. Moreover, Plaintiffs' opposition does not address this prong of premises liability. "Absent such evidence, Plaintiffs cannot prove that Defendant created the [dangerous condition], and summary judgment on that issue is warranted." *Strass v. Costco Wholesale Corp.*, No. 14-CV-06924 (PKC) (VMS), 2016 WL 3448578, at *4 (E.D.N.Y. June 17, 2016) (granting summary judgment where, *inter alia*, plaintiffs failed to identify any evidence that defendant created the condition at issue); *see also Polvino v. Wal-Mart Stores, Inc.*, No. 03-CV-950S, 2006 WL 2711461, at *2 (W.D.N.Y. Sept. 20, 2006) (granting summary judgment where "[t]here is no evidence in the record relating to whom or what caused the hanger to be on the floor, or how long the hanger was there."); *Cousin*, 2009 WL 1955555, at *7 (granting summary judgment where no evidence

supported an inference that defendant created the dangerous condition and noting that "New York courts routinely grant summary judgment in favor of defendants in such circumstances."); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 330 (E.D.N.Y. 1998) ("The intervening act of spilling [the substance] creates the condition and it is not attributable to the defendant absent either spil[l]age by the defendants' employees or conduct on the defendants' part which demonstrably increases the risk of creating the condition.").

The record is devoid of any evidence regarding what caused the hangers to be on the floor. Defendant has pointed to this lack of evidence, and Plaintiffs have not provided any proof of an affirmative act by Defendant that would suggest Defendant created the condition. Accordingly, Defendant is entitled to summary judgment on the issue of whether it created the dangerous condition.

**B.  Notice of a Dangerous Condition**

Because there is no evidence that Defendant created the condition, Plaintiffs must demonstrate either actual or constructive notice to establish their claim. *Quarles*, 997 F. Supp. at 332. Plaintiffs put forth several different theories of notice that they claim raise triable issues of fact and preclude summary judgment. Plaintiffs argue: (1) Defendant had actual notice of the condition, (Pl. Br. at 10); (2) Defendant had constructive notice of the dangerous condition because it was purportedly "visible and apparent" and existed for a "sufficient length of time," (Pl. Br. at 13); and (3) Defendant's actual notice of a recurring dangerous condition demonstrates constructive notice of each specific recurrence of that condition, (Pl. Br. at 10). The Court will address each theory of notice in turn.

**1.  Actual Notice of a Dangerous Condition**

 "A defendant has actual notice if it either created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall."

*Cousin*, 2009 WL 1955555, at *7 (citing *Torri v. Big V of Kingston, Inc.*, 537 N.Y.S.2d 629,

630-31 (3d Dep't 1989)); *see also Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12

(2d Cir. 2015) ("Actual notice requires that a defendant receive complaints or similarly be

alerted to the existence of the dangerous condition.") (citing *Matcovsky v. Days Hotel*, 782

N.Y.S. 2d 64, 65 (1st Dep't 2004)).

First, as discussed above, there is no evidence that Defendant created the condition.

Second, Plaintiffs have not offered any evidence that Defendant was aware of the condition.

Plaintiffs have not adduced evidence that Defendant's employees saw the hangers on the floor

prior to Mrs. Ricci's fall.  Nor have Plaintiffs submitted any evidence that Defendant received

complaints about the hangers on the floor prior to Mrs. Ricci's fall.  While Plaintiffs argue that a

genuine dispute of material fact exists as to whether Defendant had actual notice of the hangers,

they do not offer any factual support for this conclusory statement. *See Strass*, 2016 WL

3448578, at *4 ("Aside from conclusory references to 'actual notice,' Plaintiffs do not identify

any evidence that would support a finding that [Defendant] was, in fact, aware of the condition

that allegedly caused [Plaintiff's] fall, and the Court's review of the record reveals none.").

Thus, because there is no evidence that Defendant had actual notice of the hangers on the floor,

the Court finds that Plaintiffs failed to raise a genuine issue of material fact regarding actual

notice. *See Henry v. Target Corp.*, No. 16-CV-8416 (JPO), 2018 WL 3559084, at *4 (S.D.N.Y.

July 24, 2018) (no triable issues regarding actual notice where plaintiff failed "either (1) to

identify a[n] employee who had knowledge of the floor's condition before her fall, or (2) to offer

circumstantial evidence that would allow a reasonable jury to infer that an employee had actual

notice."); *Decker*, 2017 WL 568761, at *6 (granting defendant's motion for summary judgment

where there was no evidence that "Defendant's employees had observed the substance on the ground prior to Plaintiff's fall" or that "Defendant had received reports of the condition").

## 2. Constructive Notice of a Dangerous Condition

"To prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum*, 603 F. App'x at 12 (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (1st Dep't 2000)) (alteration in original); *see also Pinnock v. Kmart Corp.*, No. 04 Civ. 3160 (RMB), 2005 WL 3555433, at *3 (S.D.N.Y. Dec. 29 2005) ("Constructive notice can be shown by testimony that a condition is 'visible and apparent' and has existed 'for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'") (quoting *Heit v. Supermarkets Gen. Corp.*, No. 93 Civ. 6871, 1995 U.S. Dist. LEXIS 13644, at *5 (S.D.N.Y. Sept. 20, 1995)).  While Defendant argues that Plaintiffs cannot raise a genuine issue of material fact regarding constructive notice, Plaintiffs contend that a material issue of fact exists. (Def. Br. at 10-12; Pl. Br. at 13; Def. Reply Br. at 2-3).

### i.  Visible and Apparent

With respect to the first prong of constructive notice, Defendant argues that Plaintiffs failed to adduce evidence that the hangers on the floor were "visible and apparent" such that Defendant should have discovered them prior to Mrs. Ricci's fall. (Def. Br. at 6-7; Def. Reply Br. at 2).  Plaintiffs aver that photographs depicting the hangers and the area where Mrs. Ricci fell at the time of her accident demonstrate a visible and apparent defect because the hangers were white, opaque, had metal clips and were contrasted against the brown hardwood floor. (Pl. Br. at 13).  In support of this contention, Plaintiffs submit two photographs as exhibits to Mrs. Ricci's sworn affidavit.  Mrs. Ricci attested that the photographs "were taken immediately after

[she] fell on the day of the accident. Both photographs are a fair and accurate representation of where the hangers were, and what the area where [she] fell looked like on the day of [the] accident at Wal-Mart." (Ricci, L. Aff. ¶ 5). The photographs depict two opaque white hangers, one of which has clips with metal, laying on a brown wooden floor and protruding into the middle of the aisle. (*Id.*).

The photographs submitted by Plaintiffs in conjunction with Mrs. Ricci's post-fall observations of the hangers (opaque, white and contrasted against the wooden floor) are sufficient to raise a genuine dispute of material fact regarding whether the hangers were visible and apparent. *See Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 321 (E.D.N.Y. Sept. 12, 2014) (observance of the condition subsequent to the fall plus photographs taken after the fall "calls into question whether the lid was visible and apparent"); *DeGiacomo v. Westchester Cnty. Healthcare Corp.*, 743 N.Y.S.2d 548, 549 (2d Dep't 2002) ("It is well settled that photographs may be used to prove constructive notice of an alleged defect shown in the photographs if they are taken reasonably close to the time of the accident, and if there is testimony that the condition at the time of the accident was similar to the condition shown in the photographs.").

Defendant cites to *Watts v. Wal-Mart Stores, East L.P.*, No. 16-CV-4411 (KMK), 2018 WL 1626169 (S.D.N.Y. Mar. 29, 2018) and this Court's decision in *Decker* and argues that because Plaintiffs admit they did not see the hangers prior to the fall, the hangers were not "visible and apparent" as a matter of law. (Def. Reply Br. at 2). This case differs factually from *Decker*, where the alleged defective condition was not visible on the surveillance video and four other individuals walked through the area seconds before the accident without noticing the alleged condition. *Decker*, 2017 WL 568761, at *7. Likewise, in *Watts*, the plaintiff there testified that "drops" of liquid on the floor were unnoticeable prior to her fall and the

surveillance video showed customers and employees walking by the area in the hour prior to the fall without noticing anything on the floor. *Watts*, 2018 WL 1626169, at *7. Here, in addition to testifying to the appearance of the hangers, the photographs of the area where Mrs. Ricci fell show opaque white hangers contrasted against a brown hardwood floor and show the hangers in the aisle as opposed to under the racks of clothes. (Ricci, L. Aff. Ex. A). The Court cannot state as a matter of law that the hangers on the floor were not "visible and apparent."

Next, Defendant argues that if the Court finds genuine factual disputes over whether the hangers were "visible and apparent," it necessarily follows that the condition was "open and obvious" and "not inherently dangerous," negating Defendant's legal duty as a matter of law. (Def. Reply Br. at 4-6). However, the issue of whether a condition was "open and obvious" bears on a plaintiff's comparative negligence and it does not obviate a defendant's duty to keep the premises reasonably safe or necessarily preclude a finding of liability against the defendant. *See Cupo v. Karfunkel*, 767 N.Y.S.2d 40, 41 (2d Dep't 2003) ("[T]he open and obvious nature of an allegedly dangerous condition is relevant to the issue of the comparative fault of the plaintiff and does not preclude a finding of liability against the landowner."); *DeGruccio v. 863 Jericho Turnpike Corp.*, 767 N.Y.S.2d 274 (2d Dep't 2003) ("[T]he fact that this defect might have been open and obvious does not negate the defendant's duty to maintain its premises in a reasonably safe condition, but rather raises an issue of fact concerning the plaintiff's comparative negligence.").

## ii. Length of Time

Although triable issues of fact remain as to whether the hanger was "visible and apparent," the lack of evidence as to when the hanger appeared on the floor is fatal to Plaintiffs' claim of constructive notice. *See Pinnock*, 2005 WL 3555433, at *3 (plaintiff claiming constructive notice of a dangerous condition must show that the condition was both "visible and

apparent" and existed for a "sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it"); *Lionel*, 44 F. Supp. 3d at 323 (even though the condition was "visible and apparent," the lack of evidence concerning how long the condition existed warranted summary judgment in defendant's favor).

Plaintiffs argue the opaque white color of the hangers and the existence of seven sales associates working in the specific department where Mrs. Ricci fell raise a genuine issue of material fact over whether the hangers were on the floor for a sufficient length of time. (Pl. Br. at 13). However, Plaintiffs do not cite any evidence indicating that seven sales associates were working in the ladies' apparel department on December 15, 2014, the day of Mrs. Ricci's accident. Even if they did, the mere existence of sales associates in the department is insufficient to create a genuine issue of material fact regarding how long the hangers had been on the floor. *See Borenkoff v. Old Navy*, 831 N.Y.S.2d 220, 221 (2d Dep't 2007) (plaintiffs failed to raise an issue of fact regarding constructive notice of a fallen hanger based on their theory that "several employees were working in the vicinity of the accident site.").

The instant record contains no evidence indicating how long the hanger was on the floor. Plaintiffs testified they were unaware how long the hanger had been on the floor. (Ricci, L. Dep. at 54:15-55:6; Ricci, J. Dep. at 15:17-16:9). Mr. Defossett, the assistant manager on the day of the accident and one of three Wal-Mart employees who assisted Mrs. Ricci after her fall, did not testify as to how long the hanger had been on the floor. There is no indication that the three other Wal-Mart employees who provided deposition testimony in this case were working in the Wal-Mart Store's ladies' apparel department on the day of the accident, and they did not provide any testimony regarding how long the hanger had been on the floor.

Without evidence to the contrary, the hanger "could have been . . . there only minutes or seconds before the accident and any other conclusion would be pure speculation." *Gordon v. Am. Museum of Natural History*, 501 N.Y.S.2d 646, 647 (1986). Thus, given the absence of facts, the Court finds there is insufficient evidence to create a genuine issue of material fact regarding how long the hanger had been on the floor, and consequently, Plaintiffs are unable to establish as a matter of law that the dangerous condition existed for a sufficient length of time such that Defendant could discover and remedy it. *See Polvino*, 2006 WL 2711461, at *3 (granting defendant's motion for summary judgment where "there is no evidence concerning how long the hanger was on the floor."); *Lipsky v. Firebaugh Realty Corp.*, 809 N.Y.S.2d 535 (2d Dep't 2006) (granting summary judgment in defendant's favor where "there was no proof establishing in any way how long the clothes hanger was on the floor before the plaintiff slipped on it."); *Pinnock*, 2005 WL 3555433, at *3 (no genuine issue of material fact concerning constructive notice where there was no proof establishing how long a hanger had been on the floor prior to plaintiff's fall).

### 3. Recurring Condition

Plaintiffs further argue Defendant had "actual notice of a recurring dangerous condition," and therefore, Defendant "is charged with constructive notice of each specific recurrence of that condition." (Pl. Br. at 10). Specifically, Plaintiffs claim Defendant "had actual knowledge that hangers were constantly found on the floor on a daily basis, specifically in the ladies' apparel department, and that the recurring nature of hangers on the floor created a dangerous tripping and/or slipping hazard." (*Id.*).

Defendant maintains that at most Plaintiffs established Defendant had a "general awareness that hangers fall or are left on their sales floors by customers[,]" which is legally insufficient to establish constructive notice of the "particular condition" that caused Mrs. Ricci's fall. (Def. Br. at 16-17). Defendant further contends Plaintiffs have not demonstrated that

hangers on the sales floor in the Plus Size area of the ladies' apparel department were "routinely left unaddressed," as required under a "recurrent condition" theory. (*Id.*).

A "recurrent condition" theory "requires 'evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord.'" *Polvino*, 2006 WL 2711461, at *3 (quoting *Uhlich v. Canada Dry Bottling Co. of N.Y.*, 758 N.Y.S.2d 650, 651 (1st Dep't 2003)). While Plaintiffs do not need to "establish the defendant's knowledge of the existence of the exact [hazard] on which the plaintiff fell," they do need to show that "defendant had . . . knowledge of the particular dangerous condition that is 'qualitatively different from a mere 'general awareness' that a dangerous condition may be present.'" *Gonzalez*, 299 F. Supp. 2d at 193 (quoting *Chin v. Harp Mktg.*, 648 N.Y.S.2d 697, 698 (2d Dep't 1996)). "[A] defendant's 'general awareness' of a dangerous condition on the premises is not legally sufficient to charge a defendant with constructive notice of the particular condition that caused the plaintiff's injury." *Id.*; *see also Riley v. Battery Place Car Park*, 210 Fed. Appx. 76, 77 (2d Cir. 2006) (defendant's "'general awareness' of oil leaks by parked cars on its premises" was "legally insufficient to support a finding that the owner had constructive notice of the specific oil patch that caused [plaintiff] to slip and fall."); *Gordon*, 501 N.Y.S.2d at 647 (defendant's "general awareness" of litter on the premises was legally insufficient to charge defendant with constructive notice of the paper plaintiff fell on).

Several Wal-Mart employees stated they commonly saw hangers on the floor in the Wal-Mart Store. For example, Ms. Caillahua, a former maintenance worker, testified that during her safety sweeps of the ladies' apparel section she would observe hangers on the floor, and it was her job to pick them up. (Caillahua Dep. at 25:5-9). Likewise, Ms. Needam, a former sales associate in the ladies' apparel department, testified she saw hangers on the floor on a daily

basis. (Needam Dep. at 22:3-9). Ms. Hoffman testified that at her training in 2014 she was warned that hangers could be a hazard in Defendant's stores, but she stated she never encountered a slip and fall involving a hanger during her time at Wal-Mart. (Hoffman Dep. at 87:23-88:24). According to Mrs. Ricci's affidavit, the Wal-Mart employee who first responded to the scene of her accident told Mrs. Ricci that "there always seems to be hangers on the floor." (Ricci, L. Aff. ¶ 7).[9]

Defendant offers evidence that it employs safety measures to address the issue of fallen hangers. For example, Defendant conducted store-wide safety sweeps, which entail employees going around the store and picking up everything from the floor, including hangers, garbage, spills and other debris. (Def. 56.1 ¶¶ 29, 39; Pl. 56.1 Resp. ¶¶ 29, 39). Defendant also used a process called "zoning," where Wal-Mart employees would organize their department throughout the day to ensure clothes and hangers were not sticking out of their racks. (Needam Dep. at 27:22-28:15). None of the Wal-Mart witnesses testified that they were aware of slip and fall accidents involving hangers in the Plus Size area of the ladies' apparel section, the specific area where Mrs. Ricci fell. Finally, the parties agree there are no reported incidents where Defendant's patrons slipped and fell on hangers at the White Plains store location within one year of Mrs. Ricci's slip and fall. (Def. 56.1 ¶ 40; Pl. 56.1 ¶ 40).

Viewed in the light most favorable to Plaintiffs, the evidence does not permit a reasonable fact finder to draw the conclusion that Defendant had actual knowledge of a

---

[9] Invoking the "sham affidavit" rule, Defendant asks the Court to disregard the factual statements in the affidavit Plaintiffs submitted in opposition to the Motion on the grounds that factual allegations made for the first time in the affidavit cannot create a material issue of fact. (Def. Reply Br. at 10-11). However, an affidavit submitted in opposition to summary judgment is properly disregarded under this principle only where it "by omission or addition, contradicts the affiant's previous deposition testimony." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 482 (2d Cir. 2014). In this case, Mrs. Ricci's affidavit expands upon her observations on the day of the accident and does not clearly contradict her prior testimony. Accordingly, the Court will consider Mrs. Ricci's affidavit on summary judgment.

distinctive recurring hazard that it routinely failed to address. *See Pinnock*, 2005 WL 3555433, at *4 (nine prior incidents where store patrons slipped and fell on plastic hangers did not rise to the level of a "recurrent" hanger condition); *Polvino*, 2006 WL 2711461, at *4 (testimony from defendant's employees that hangers were frequently in the store's aisles and the store was generally messy failed to sustain plaintiff's "recurrent condition" theory); *Manzione v. Wal-Mart Stores, Inc.*, 744 N.Y.S.2d 466, 467 (2d Dep't 2002) (defendant did not have constructive notice of a fallen hanger where defendant "had no notice of any hangers on the floor at the time of the accident" and "the store was periodically swept of debris"). At best, Plaintiffs' evidence may show Defendant had a "general awareness" of hangers falling to the floor in its stores. However, "[e]ven assuming there [was] a general awareness of falling hangers, this does not enable Plaintiff to survive summary judgment." *Pinnock*, 2005 WL 3555433, at *4.

The cases cited by Plaintiffs do not compel a contrary conclusion. Defendant correctly points out that *Rosati v. Kohl's Dep't Stores*, 766 N.Y.S.2d 620 (3d Dep't 2003) was decided under New York State's summary judgment procedural burden. (Def. Reply Br. at 7). The *Rosati* court's finding that the defendant failed to carry its "initial burden of establishing a *prima facie* entitlement to judgment" (*Rosati*, 766 N.Y.S.2d at 620) is inapposite to the instant case, which is properly decided under the federal summary judgment burden. *Rosati* is further distinguishable on its facts because there, the evidence demonstrated that hangers removed from apparel by the defendant's own cashiers often fell to the floor near the cash registers, a highly-trafficked area of the store. *Id.* Additionally, according to witness testimony a cashier was standing "a few feet" away from the hanger plaintiff fell on at the time of the accident. *Id.*

*McLaughlan v. Waldbaums, Inc.*, 654 N.Y.S.2d 406 (2d Dep't 1997) and *Black v. Kohl's Dep't Stores, Inc.*, 914 N.Y.S. 2d 469 (3d Dep't 2011) are similarly distinguishable. In

*McLaughlan*, a customer suffered an injury from falling soda bottles after she removed a bottle from a display of bottles. The defendant's employee testified that he knew the specific display that injured plaintiff became "tipsy" or "wobbly" when customers took bottles from the bottom of the display, causing other bottles higher up on the display to fall. *McLaughlan*, 654 N.Y.S.2d at 406. There, the defendant's "knowledge that bottles were prone to fall from the subject display 'is qualitatively different from a mere 'general awareness' that a dangerous condition may be present.'" *Id.* (citations omitted). In *Black*, the plaintiff fell on a purse that was on the floor in the Kohl's store purse department. There, the plaintiff defeated the defendant's summary judgment motion by submitting affidavits from customers who visited the store once a week for several years. The customers averred that the purse department was in "continual disarray" and "there was always an assortment of purses laying on the floor," making it difficult to navigate the department's narrow aisle. *Black*, 914 N.Y.S.2d at 471. The defendant's employee also acknowledged she was aware the specific aisle plaintiff tripped in was commonly covered with misplaced merchandise because of its vicinity to the store's price checker. *Id.*

In contrast to Plaintiffs' cited cases, the facts of this case do not suggest Defendant had actual knowledge of a recurring dangerous condition associated with an identifiable and distinctive area within the ladies' apparel department. For example, there is no evidence showing there was an uncommon amount of fallen hangers or hanger-related accidents in the specific aisle Mrs. Ricci fell in. Nor is there evidence showing a recurrent dangerous condition associated with the specific rack the subject hanger may have come from. The evidence that Defendant may have had a "general awareness" of falling hangers in its store, without more, is insufficient to defeat summary judgment on a "recurrent hazard" theory of constructive notice. *See Pinnock*, 2005 WL 3555433, at *4; *Polvino*, 2006 WL 2711461, at *4.

**C. Plaintiffs' Remaining Arguments**

Plaintiffs claim triable issues exist as to whether Defendant reasonably and adequately addressed the recurring hazard of hangers on its floor. (Pl. Br. at 14). Because this Court finds Plaintiffs failed to raise triable issues on the threshold issue of whether a recurring hazard existed, the Court need not address the secondary issue of the reasonableness of Defendant's response to the alleged "recurring hazard."

Plaintiffs also argue Defendant "cannot meet is burden for Summary Judgment if it cannot demonstrate when an accident site was last inspected or cleaned prior to the plaintiff's fall." (Pl. Br. at 16 (citing *Baez v. Willow Wood Assoc., L.P.*, 69 N.Y.S.3d 814 (2d Dep't 2018); *Hanney v. White Plains Galleria, L.P.*, 68 N.Y.S.3d 522 (2d Dep't 2018))). However, Plaintiffs' argument is based on the state burden of proof on a motion for summary judgment. Because the federal burden of proof applies, Defendant was not required to produce evidence of the last time the area was inspected or cleaned, but need only point to Plaintiffs' lack of evidence and inability to raise a genuine issue of material fact on the elements of their claim. *See Vasquez*, 2016 WL 315879, at *8 ("Defendant need not offer any evidence showing that its cleaning and inspection practices would have revealed the existence of a dangerous condition, but must only demonstrate that Plaintiff lacks affirmative proof sufficient to establish a genuine issue of fact with respect to the element of notice."); *Castellanos v. Target Dep't Stores, Inc.*, No. 12-civ-2775(GWG), 2013 WL 4017166, at *7 (S.D.N.Y. Aug. 7, 2013) (Defendant's "failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition."); *Lacey v. Target Corp.*, No. 13 CV 4098(RML), 2015 WL 2254968, at *6 (E.D.N.Y. May 13, 2015) ("[E]ven assuming a reasonable inspection had not taken place, plaintiff has not shown that a reasonable inspection would have discovered the

condition, as she cannot establish the length of time that the condition was there to be discovered."). Accordingly, the Court finds that Plaintiffs' argument that Defendant was required to offer proof of its last inspection in order to meet its burden on summary judgment is without merit.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. The Clerk is respectfully requested to terminate the pending Motion (Docket No. 13), enter judgment for Defendant, and close the case.

Dated:    September 10, 2018
            White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge